FILED

2017 SEP 19 PM 2: 22

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

6:17-CV-1656-ORL-37GJK

TRACY L. MARTIN,
an individual,

    Plaintiff,

vs.

SIEMENS CORPORATION,
a corporation,

    Defendant,

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,
a corporation,

    Defendant.

_____/

## COMPLAINT

Plaintiff, TRACY L. MARTIN, ("MS. MARTIN"), by and through her undersigned counsel, files this Complaint against Defendant, SIEMENS CORPORATION ("SIEMENS"), and Defendant, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("LIBERTY MUTUAL"), and states as follows:

### Jurisdiction, Venue & Parties

1. This civil action arises from both a breach of contract to provide insurance benefits and from violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.* ("ERISA") which is alleged to regulate and govern employee benefits denied to Plaintiff.

1

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and specifically 29 U.S.C. §1132(e)(1). Plaintiff also invokes this Court's supplemental jurisdiction over Plaintiff's Florida state law claims pursuant to 28 U.S.C. § 1367.

3. All federal and state law claims alleged herein arise out of a common nucleus of operative fact.

4. Venue is proper pursuant to 28 U.S.C. §1391 and specifically 29 U.S.C. §1132(e)(2), because an action may be brought in the district where the plan is administered, where the breach took place, or where the defendant resides or may be found.

5. At all relevant times, MS. MARTIN has been a resident and citizen of the State of Florida, and more specifically of Brevard County.

6. Defendant, LIBERTY MUTUAL, is a Corporation with its principal address in Massachusetts, which is authorized to do and is doing business in the State of Florida.

7. Defendant, SIEMENS, is a Corporation with its principal address in Washington, D.C., which is authorized to do and is doing business in the State of Florida.

8. Prior to her Disability, MS. MARTIN was an employee of SIEMENS, and was working in the position of Resource Coordinator at the time her Disability began under the SIEMENS Short-Term Disability ("the STD Plan") and the LIBERTY MUTUAL Long-Term Disability Plan ("the LTD Plan")[1].

---

[1] A copy of the STD Plan documents administratively produced to MS. MARTIN are attached hereto as Exhibit 1. However, as only the Summary Plan Description has been produced, despite requests for all plan documents, it is unknown at this time what documents compose the complete and/or correct formal plan document at issue in this lawsuit related to STD Plan benefits. A copy of the LTD Plan documents administratively produced to MS. MARTIN are attached hereto as Composite Exhibit 2, however it is unknown at this time whether this is the complete and/or correct formal plan document at issue in this lawsuit.

2

9. At all relevant times, MS. MARTIN was a participant, within the meaning of 29 U.S.C. §1002 (7), in the STD and LTD Plans.

10. Defendants LIBERTY MUTUAL and SIEMENS are both considered administrators within the meaning of 29 U.S.C. §1002(16)(A).

11. Defendant, SIEMENS is considered a fiduciary within the meaning of 29 U.S.C. §1002(21)(A), and exercised authority and control over the STD and LTD Plans and/or had discretionary authority or discretionary responsibility in the administration of the plan or respecting management of the plan.

12. Defendant, LIBERTY MUTUAL is considered a fiduciary within the meaning of 29 U.S.C. §1002(21)(A), and exercised authority and control over the STD and LTD Plans and/or had discretionary authority or discretionary responsibility in the administration of the plan or respecting management of the plan.

13. The STD Plan is self-funded by SIEMENS, and the STD Plan benefits are paid from SIEMENS' general assets.

14. LIBERTY MUTUAL provides claims administrative services only for SIEMENS' STD Plan, and duly acts as SIEMENS' agent in making determinations under the STD Plan.

15. The STD PLAN is a payroll practice plan not governed by ERISA, *see* 29 C.F.R. § 2510.3-1(b), under which SIEMENS pays short-term disability ("STD") benefits to eligible employees.

16. The LTD Plan is fully-insured and underwritten by LIBERTY MUTUAL.

17. The LTD Plan provides long-term disability ("LTD") benefits to eligible employees which are paid by LIBERTY MUTUAL.

18. At all relevant times, LIBERTY MUTUAL makes Disability eligibility determinations and pays claims under the LTD Plan from its own general assets.

19. Prior to filing this present action, MS. MARTIN fulfilled all conditions precedent, including the exhaustion of administrative remedies and/or the exhaustion of such administrative remedies is excused.

## General Allegations

20. As a participant in the STD Plan, MS. MARTIN is entitled to receive disability benefits under the STD Plan if she meets the definition(s) of Disability.

21. The STD Plan includes, but is not limited to, the following relevant provisions:

> **Siemens Corporation Short Term Disability Plan:**
>
> For purposes of the Plan, "Disability" means a physical or mental condition that prevents an eligible employee from performing all the essential functions of his or her position, with or without reasonable accommodations, for more than seven consecutive calendar days. The disability must be verified by and under the continuous care of an appropriate legally licensed health care practitioner working within the scope of his or her license. The employee must be Actively at Work at the time the disability occurs.
>
> **"Disability" or "Disabled" means:**
>
> 1. For persons other than pilots, co-pilots, and crewmembers of an aircraft:
>     a. That during the Elimination Period and the next 24 months of Disability you, as a result of Injury or Sickness, are unable to perform the Material and Substantial Duties of your Own Occupation; and
>     b. Thereafter, you are unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.
>
> **"Own Occupation" means:**
>
> 1. Your occupation that you were performing when your Disability or Partial Disability began. For the purposes of determining Disability under this plan, Liberty will consider your occupation as it is normally performed in the local economy.

(emphasis in original). *See* Exhibit 1.

22. As a participant in the LTD Plan, MS. MARTIN is entitled to receive disability benefits under the LTD Plan if she meets the definition(s) of Disability.

4

23. The LTD Plan includes, but is not limited to, the following relevant provisions:

**"Disabled or "Disability" means:**

1. That, as a result of Injury or Sickness, during the LTD Elimination Period and the next 24 months of Disability, you are unable to perform the Material and Substantial Duties of your <u>Own Occupation</u>; and thereafter, you are unable to perform, with reasonable continuity, the Material and Substantial Duties of <u>Any Occupation</u>.

**"Own Occupation" means:**

1. Your occupation that you were performing when your Disability or Partial Disability began. For the purpose of determining Disability under the LTD policy, Liberty will consider your occupation as it is normally performed in the local economy.

**"Any Occupation" means:**

1. Any occupation that you are or become reasonably fitted by training, education, experience, age, physical and mental capacity.

(emphasis in original). *See* Composite Exhibit 2.

24. On or about July 15, 2016, LIBERTY MUTUAL recognized that MS. MARTIN became Disabled under the terms of the STD Plan beginning on June 24, 2016.

25. LIBERTY MUTUAL approved and began paying MS. MARTIN STD Plan benefits, pursuant to LIBERTY MUTUAL's determination that as of July 15, 2016, MS. MARTIN became prevented because of a physical or mental condition from performing all the essential functions of her position, with or without reasonable accommodations, for more than seven consecutive calendar days, and MS. MARTIN's disability was verified by and under the continuous care of an appropriate legally licensed healthcare practitioner working within the scope of his or her license.

26. On or about November 1, 2016, LIBERTY MUTUAL determined that MS. MARTIN was no longer entitled to STD Plan benefits beyond August 16, 2016 despite MS. MARTIN's continued Disability due to her medical conditions.

27. On or about May 7, 2017, MS. MARTIN submitted a timely appeal of LIBERTY MUTUAL's termination of STD Plan benefits effective August 16, 2016, and further submitted her claim for LTD Plan benefits.

28. On June 30, 2017 and July 31, 2017 respectively, MS. MARTIN's undersigned attorneys subsequently submitted supplemental information and advisements in support of her appeal of the denial of her STD Plan benefits and her claim for LTD Plan benefits.

29. On or about August 29, 2017, LIBERTY MUTUAL issued a final denial letter upholding its decision to deny STD Plan benefits to MS. MARTIN effective August 16, 2016; however, no mention was made of MS. MARTIN's claim for LTD Plan benefits.

30. Despite MS. MARTIN advising LIBERTY MUTUAL of her claim for LTD Plan benefits in writing on May 7, 2017, June 30, 2017 and July 31, 2017, no communications were received from LIBERTY MUTUAL regarding MS. MARTIN's claim for LTD Plan benefits.

31. LIBERTY MUTUAL has failed and refused to pay STD Benefits due and owing to MS. MARTIN following MS. MARTIN's exhausting all of her administrative remedies and by way of a final denial letter dated August 29, 2017, despite MS. MARTIN satisfying all conditions precedent entitling her to payment of STD Benefits.

32. Over 120 days following the submission of MS. MARTIN's LTD Plan benefits claim, on or about August 31, 2017, LIBERTY MUTUAL confirmed in writing that it had not yet begun evaluating MS. MARTIN's LTD Plan benefits claim, without any explanation as to the delay or need for an extension.

33. MS. MARTIN is deemed to have exhausted the administrative remedies under the LTD Plan, pursuant to 29 C.F.R. § 2560.503-1(L)(2).

34. Approximately thirteen (13) weeks of STD Plan benefit payments are owed by SIEMENS to MS. MARTIN as of the date of the filing of this lawsuit.

35. Approximately twelve (12) months of LTD Plan benefit payments are owed by LIBERTY MUTUAL to MS. MARTIN as of the date of the filing of this lawsuit.

36. MS. MARTIN has been forced to retain the services of the undersigned attorneys in order to prosecute this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I

### Breach of Contract against SIEMENS

37. Plaintiff, MS. MARTIN, hereby incorporates by reference all of the allegations contained in paragraphs 1 through 36 of this Complaint, as if specifically recited herein.

38. Under the terms of the STD Plan contract, Defendant, SIEMENS, promised to provide MS. MARTIN with disability benefits in accordance with the terms and conditions set forth within the STD Plan.

39. MS. MARTIN has satisfied all conditions precedent under the STD Plan and is thus eligible to receive STD Plan benefits, as she has not waived or otherwise relinquished her entitlement to said benefits.

40. Defendants', LIBERTY MUTUAL and SIEMENS, aforementioned denial of and refusal to make disability benefit payments beyond August 16, 2016 under the STD Plan constitute a breach of contract.

41. Defendant, SIEMENS, has breached the subject contract by imposing extra-contractual requirements to establish proof of loss and by applying an unreasonable interpretation

7

of the contract provisions and thereby, asserting the contract provides MS. MARTIN with less contractual rights than she was actually promised.

42. Defendant, SIEMENS, has breached the subject contract by failing to reasonably review the proof of loss submitted by MS. MARTIN, and by ignoring sufficient information establishing her ongoing Disability under the STD Plan.

43. Defendant, SIEMENS, has thus failed and refused to perform its obligations under the STD Plan contract when it denied Plaintiff STD benefits in violation of the terms of the STD Plan contract.

44. At all times material hereto, the STD Plan contract was in full force and effect.

45. As a direct and proximate result of such breach of contract by Defendant, SIEMENS, Plaintiff, MR. MARTIN, has sustained damages including, but not limited to, the loss of such past due STD Plan benefits owed beyond August 16, 2016.

## COUNT II

### Action Against SIEMENS to Recover STD Plan Benefits, Enforce Rights Under the STD Plan & Clarify Entitlement to STD Plan Benefits Pursuant to 29 U.S.C. §1132 (a)(1)(B)

46. Plaintiff, MS. MARTIN, hereby incorporates by reference all of the allegations contained in paragraphs 1 through 36 of this Complaint, as if specifically recited herein.

47. In the alternative to Count I, Plaintiff alleges that at all relevant times, the STD Plan was an employee welfare benefit plan within the meaning of ERISA.

48. Under the terms of the STD Plan, SIEMENS agreed to provide MS. MARTIN with disability benefits in accordance with the terms and conditions set forth within the STD Plan.

49. Defendant, SIEMENS has failed and refuses to pay MS. MARTIN STD Plan benefits beyond August 16, 2016.

50. MS. MARTIN has satisfied all conditions precedent under the STD Plan and is thus eligible to receive STD Plan benefits, as she has not waived or otherwise relinquished her entitlement to said benefits.

51. Defendant, SIEMENS' failure to provide MS. MARTIN with STD Plan benefits beyond August 16, 2016 was and is contrary to and in violation of the terms of the STD Plan, and Plaintiff's rights thereunder, and was and is contrary to clear, compelling and substantial evidence that supports MS. MARTIN's right to disability benefits under the STD Plan.

52. Defendant, SIEMENS, has failed to apply the provisions of the STD Plan consistently with respect to similarly situated STD Plan participants/claimants.

53. Defendant, SIEMENS, has failed to afford MS. MARTIN a full and fair review and subjected MS. MARTIN to an unreasonable claims process according to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1.

54. The STD Plan benefits claim determination(s) made by Defendant, SIEMENS, in MS. MARTIN's claim for STD Plan benefits is *de novo* wrong and arbitrary and capricious, and in violation of ERISA.

55. The STD Plan benefits claim determination(s) made by Defendant, SIEMENS, in MS. MARTIN's claim for STD Plan benefits should be reviewed by this Honorable Court under the *de novo* standard of review, and Plaintiff, MS. MARTIN, is entitled to present additional evidence in support of her STD Plan benefit claim not already contained in the "administrative record" under the *de novo* standard of review.

56. Accordingly, Plaintiff, MS. MARTIN, is entitled to disability benefits under the STD Plan beyond August 16, 2016 and through the maximum benefit period under the STD Plan.

57. The STD Plan benefit owed to MS. MARTIN, beyond August 16, 2016 is a liquidated sum and became liquidated on the date the payment was due and payable.

58. Accordingly, Plaintiff, MS. MARTIN, is entitled to recover pre-judgment interest on each such payment.

59. As a direct result of Defendant, SIEMENS', actions and inactions, MS. MARTIN has incurred significant costs and attorneys' fees.

60. Accordingly, Plaintiff, MS. MARTIN, is entitled to recover reasonable costs and attorneys' fees incurred, pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

## COUNT III

### Action to Recover LTD Plan Benefits, Enforce Rights Under the LTD Plan & Clarify Entitlement to LTD Plan Benefits Pursuant to 29 U.S.C. §1132 (a)(1)(B)

61. Plaintiff, MS. MARTIN, hereby incorporates by reference all of the allegations contained in paragraphs 1 through 36 of this Complaint, as if specifically recited herein.

62. Under the terms of the LTD Plan (according to the documents attached hereto as Composite Exhibit 2), LIBERTY MUTUAL agreed to provide MS. MARTIN with disability benefits in accordance with the terms and conditions set forth within the LTD Plan.

63. MS. MARTIN submitted a claim for LTD Plan benefits on May 7, 2017, and provided subsequent supplemental information and advisements regarding her LTD Plan benefits claim on June 30, 2017, and July 31, 2017.

64. Over 120 days following the submission of MS. MARTIN's LTD Plan benefits claim, on or about August 31, 2017, LIBERTY MUTUAL confirmed in writing that it had not yet begun evaluating MS. MARTIN's LTD Plan benefits claim, without any explanation as to the delay or need for an extension.

65. MS. MARTIN is deemed to have exhausted the administrative remedies under the LTD Plan, pursuant to 29 C.F.R. § 2560.503-1(l)(2).

66. Pursuant to 29 C.F.R. § 2560.503-1, an administrator must provide a decision as to a claim for benefits within forty-five (45) days after receipt of the claim. Additionally, "this period may be extended by an administrator for up to thirty (30) days, only if, the administrator both determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, prior to the expiration of the initial 45-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision. If, prior to the end of the first 30-day extension period, the administrator determines that, due to matters beyond the control of the plan, a decision cannot be rendered within that extension period, the period for making the determination may be extended for up to an additional thirty (30) days, provided the plan administrator notifies the claimant, prior to the expiration of the first 30-day extension period, of the circumstances requiring the extension and the date as of which the plan expects to render a decision. In the case of any extension under this paragraph (f)(3), the notice of extension shall specifically explain the standards on which entitlement to a benefit is based, the unresolved issues that prevent a decision on the claim, and the additional information needed to resolve those issues, and the claimant shall be afforded at least forty-five (45) days within which to provide the specified information." 29 C.F.R. § 2560.503-1 (f)(3).

67. Further, under 29 C.F.R. § 2560.503-1 (l)(2)(i), "if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan, except as provided in paragraph (l)(2)(ii) of this section. Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims

procedure that would yield a decision on the merits of the claim. If a claimant chooses to pursue remedies under section 502(a) of the Act under such circumstances, the claim or appeal is deemed denied on review without the exercise of discretion by an appropriate fiduciary." 29 C.F.R. § 2560.503-1 (l)(2)(i).

68. Defendant has failed and refuses to pay MS. MARTIN's LTD benefits, despite MS. MARTIN satisfying all conditions precedent to entitle her to payment of disability benefits under the LTD Plan following her Disability beginning June 24, 2016 and following the applicable waiting period under the LTD Plan.

69. MS. MARTIN is thus eligible to receive LTD Plan benefits as she has not waived or otherwise relinquished her entitlement to said benefits.

70. Defendant's failure to provide MS. MARTIN with LTD Plan benefits from the first date she became eligible through present was and is contrary to and in violation of the terms of the LTD Plan (according to the documents attached hereto as Composite Exhibit 2) and Plaintiff's rights thereunder, and was and is contrary to clear, compelling and substantial medical evidence and other information that supports MS. MARTIN's right to disability benefits under the LTD Plan.

71. Defendant, LIBERTY MUTUAL, suffers from an inherent conflict of interest because it pays LTD Plan benefits from its own assets while also making the final determination as to whether to pay or deny claims for LTD Plan benefits, and is a for-profit corporation.

72. Defendant, LIBERTY MUTUAL has failed to apply the provisions of the LTD Plan consistently with respect to similarly situated LTD Plan participants/claimants.

73. Defendant, LIBERTY MUTUAL's failure to provide MS. MARTIN with LTD Plan benefit payments is *de novo* wrong and arbitrary and capricious, and in violation of ERISA.

74. Defendant, LIBERTY MUTUAL's failure to provide MS. MARTIN with LTD Plan benefit payments should be reviewed by this Honorable Court under the *de novo* standard of review, and Plaintiff, MS. MARTIN, is entitled to present additional evidence in support of her LTD Plan benefit claim not already contained in the "administrative record" under the *de novo* standard of review.

75. Accordingly, Plaintiff, MS. MARTIN, is entitled to disability benefits under the LTD Plan from the first date she became eligible following the applicable waiting period under the LTD Plan through present.

76. Each monthly LTD Plan benefit owed to MS. MARTIN as of the date of the filing of this Complaint is a liquidated sum, and became liquidated on the date the payment was due and payable.

77. Accordingly, Plaintiff, MS. MARTIN, is entitled to recover pre-judgment interest on each such payment.

78. As a direct result of Defendant's actions and inactions, MS. MARTIN has incurred significant costs and attorney's fees.

79. Accordingly, Plaintiff, MS. MARTIN, is entitled to recover reasonable costs and attorney's fees incurred, pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

WHERFORE, Plaintiff, MS. MARTIN, prays that this Honorable Court grant the following relief:

1) A declaratory judgment herein declaring:

    a. Plaintiff, MS. MARTIN, is disabled pursuant to the language and within the meaning of the LTD Plan insured and funded by Defendant, LIBERTY MUTUAL;

b. Defendant, LIBERTY MUTUAL, is obligated to pay continuing disability benefits to Plaintiff, MS. MARTIN, pursuant to the LTD Plan and shall pay all benefits in arrears due and owing since the denial of benefits, plus interest thereon;

c. Plaintiff, MS. MARTIN, shall be afforded the return of, or alternatively the financial relief from, any other employee plan benefits Plaintiff, MS. MARTIN, was promised she would receive while also qualifying for and receiving LTD Benefits, which she lost or was forced to bear the cost(s) of as a result of Defendant's, LIBERTY MUTUAL's, wrongful denial of LTD Benefits;

d. Plaintiff, MS. MARTIN, shall be entitled to recoup all interest, costs, attorney's fees pursuant to 29 U.S.C. §1132(g)(1);

e. Plaintiff, MS. MARTIN, may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

2) A judgment against Defendant, LIBERTY MUTUAL, for all benefits due to Plaintiff, MS. MARTIN, under the terms of the LTD Plan, due and owing since the denial of disability benefits by Defendant, LIBERTY MUTUAL, plus interest thereon;

3) An order by this Court requiring the return or, or alternatively financial relief from, any other employee plan benefits that Plaintiff, MS. MARTIN, was promised she would receive while also qualify for and receiving LTD Benefits, which she lost or was forced to bear the cost(s) of as a result of Defendant's, LIBERTY MUTUAL's, wrongful denial of LTD Benefits;

4) An award to Plaintiff, MS. MARTIN, of her reasonable costs and attorney's fees pursuant to 29 U.S.C. §1132(g)(1); and

5) Such other and further penalty and/or relief this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiff, MS. MARTIN, by and through her undersigned counsel, hereby demands trial by jury of all issues so triable as a matter of right.

Dated: September 18, 2017

        Respectfully Submitted,

        DI LAW GROUP
        Attorneys for Plaintiff
        3201 West Commercial Boulevard
        Suite 227
        Fort Lauderdale, Florida 33309
        Tel. (954) 989-9000
        Fax. (954) 989-9999

        _____
        Maggie M. Smith
        Florida Bar No.: 0023510
        Email: maggie@dilawgroup.com